**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LAKEVIEW LOAN SERVICING, LLC, )
)
)
Plaintiff, )
)
v. ) C.A. No. N25L-09-015 CLS
)
ELIZABETH AMBER FREDERICK, )
CARL FREDERICK, and )
RADICATUS IN VERITAS FAMILY )
TRUST, )
)
Defendants. )

Date Submitted: July 15, 2026
Date Decided: August 10, 2026

*Upon Pro se Defendant Carl Frederick's Motion to Dismiss*, **DENIED.**

*Upon Pro se Defendant Elizabeth Amber Frederick's Motion to Dismiss*, **DENIED.**

## **ORDER**

Having considered Pro se Defendant Carl Frederick's Motion to Dismiss,[1] Pro se Defendant Amber Frederick's Motion to Dismiss,[2] and Plaintiff's Responses in Opposition,[3] it appears to the Court that:

---

[1] Pro se Def. Carl Frederick's Mot. to Dismiss, D.I. 30 ("Mr. Frederick's Mot. to Dismiss").

[2] Pro se Def. Elizabeth Amber Frederick's Mot. to Dismiss, D.I. 32 ("Ms. Frederick's Mot. to Dismiss").

[3] Pl.'s Resp. to Mr. Frederick's Mot. to Dismiss, D.I. 36; Pl.'s Resp. to Ms. Frederick's Mot. to Dismiss, D.I. 37.

1.  On September 14, 2020, Elizabeth Amber Frederick and Carl Frederick (collectively, "Defendants") executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Pike Creek Mortgage Services, Inc., for property located on Barnacle Court in Middletown, Delaware.[4]  The Mortgage was assigned to Lakeview Loan Servicing, LLC ("Plaintiff").[5]

2.  Defendants failed to pay the Mortgage's monthly payments, and Plaintiff filed this *scire facias sur* mortgage action on September 5, 2025.[6]

3.  On April 28, 2026, Plaintiff filed a Motion to Amend the Complaint to add a trust entity as a party to the Complaint because Defendants transferred title of the property to said trust.[7]  The Court granted Plaintiff's Motion to Amend the Complaint on May 26, 2026.[8]

4.  Plaintiff filed the Amended Complaint on May 28, 2026, adding the Radicatus in Veritas Family Trust (the "Trust") as a party to the action.[9]

---

[4] Amended Compl., D.I. 26, ¶ 6, Ex. E ("Amended Compl.").

[5] *Id.* ¶ 6, Ex. F.

[6] *Id.* ¶ 7;  *see generally* Compl., D.I. 1.

[7] Pl.'s Mot. to Amend the Compl., D.I. 22, ¶ 3.

[8] Order Granting Pl.'s Mot. to Amend the Compl., D.I. 25.

[9] *See generally* Amended Compl.  Defendants were made aware at the hearing on Plaintiff's Motion to Amend the Complaint that the Trust, as an artificial entity, must be represented by an attorney under Delaware law.  *See Tigani on Behalf of Irrevocable Trust v. Director*, 2020 WL 5237278, at *5 (Del. Super. Sept. 2, 2020) (concluding that a pro se litigant does not have standing to represent a trust, which constitutes an artificial entity).  The Court notes that an Answer to the Amended Complaint has not been filed by an attorney on behalf of the Trust and Defendants lack standing to file an Answer on behalf of the Trust.

5. On June 15, 2026, Mr. Frederick filed a Motion to Dismiss the Amended Complaint, arguing that Plaintiff lacks standing to sue him because he was never a party to the mortgage instrument, and any instrument purporting to hold him out as such is fraudulent and unenforceable. According to Mr. Frederick, "no debt obligation exists against him[.]"[10]

6. Ms. Frederick also filed a Motion to Dismiss on June 15, 2026, contending that Plaintiff: (1) lacks standing to sue because Plaintiff "has not produced the original wet-ink promissory note . . . [or] a valid mortgage lien tied to that note[;]" (2) fails to state a claim because the "mortgage contract was materially altered by the inclusion of a non-borrower[;]" (3) made fraudulent misrepresentations at closing; and (4) "failed to exhaust loss mitigation options as required by USDA HB-1-35555, Ch. 18" before foreclosure.[11]

7. Plaintiff filed Responses in Opposition to both Defendants' Motions to Dismiss, proffering that any argument regarding its standing is meritless and that the remainder of Defendants' arguments are premature affirmative defenses that are not well-suited for a motion to dismiss. The Court agrees with Plaintiff.

8. Upon a motion to dismiss under Superior Court Civil Rule 12(b)(6), the Court (i) accepts all well-pled factual allegations as true, (ii) accepts even vague allegations

---

[10] Mr. Frederick's Mot. to Dismiss ¶ 1.
[11] Ms. Frederick's Mot. to Dismiss ¶¶ 1–4.

as well-pled if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[12] The Court does not, however, accept "conclusory allegations that lack specific supporting factual allegations."[13] But "it is appropriate . . . to give the pleader the benefit of all reasonable inferences that can be drawn from the pleading."[14]

9. Under 10 *Del. C.* § 5061, a mortgagee's assignee may file a lawsuit in Superior Court for any injury sustained due to default payment on a mortgage of real estate.[15] Here, Plaintiff alleges that Defendants signed the Mortgage, which was later assigned to Plaintiff, and that Defendants have failed to make the payments required. Therefore, Plaintiff has standing.

10. The defenses available in a *scire facias sur* mortgage foreclosure action are limited and only those claims or counterclaims arising under the mortgage may be raised.[16] Delaware courts recognize the defenses of payment, satisfaction, or

---

[12] *ET Aggregator, LLC v. PFJE AssetCo Hldgs. LLC*, 2023 WL 8535181, at *6 (Del. Super. Dec. 8, 2023).

[13] *Id.* (quoting *Ramunno v. Crawley*, 705 A.2d 1029, 1034 (Del. 1998)).

[14] *TrueBlue Inc. v. Leeds Equity Partners IV, LP*, 2015 WL 5968726, at *2 (Del. Super. Sept. 25, 2015) (quotations omitted).

[15] *See also CitiMortgage, Inc. v. Bishop*, 2013 WL 1143670, at *4 (Del. Super. Mar. 4, 2013) (citing 10 Del. C. § 5061(a); *CitiMortgage, Inc. v. Trader*, 2011 WL 3568180, at *1 (Del. Super. May 13, 2011)) (other citation omitted).

[16] *Id.* at *5 (citing *CitiMortgage, Inc. v. Kine*, 2011 WL 6000755, at *2 (Del. Super. Nov. 1, 2011)).

avoidance.[17]  A plea in avoidance must "relate to the mortgage sued upon, i.e., the plea must relate to the validity or illegality of the mortgage documents."[18]  These include acts of God, assignment, conditional liability, duress, exception, forfeiture, fraud, illegality, justification, non-performance of condition precedents, ratification, unjust enrichment, and waiver.[19]  "Permissive counterclaims may not be asserted in a *scire facias sur* mortgage action."[20]

11. Defendants' assertions of fraud and material alteration of the mortgage instrument constitute affirmative defenses.  Given that the Court is limited to the four corners of the complaint on a Rule 12(b)(6) motion, affirmative defenses are generally unsuited for the pleading stage "[u]nless it is clear from the face of the complaint that an affirmative defense exists and that the plaintiff can prove no set of facts to avoid it[.]"[21]  This burden is not met here as Plaintiff states a reasonably conceivable claim in a *scire facias sur* mortgage action.

---

[17] *Wells Fargo Bank, N.A. v. Williford*, 2011 WL 5822630, at *3 (Del. Super. Nov. 17, 2011) (internal citations omitted).

[18] *Bishop*, 2013 WL 1143670, at *5 (quoting *Williford*, 2011 WL 5822630, at *3) (internal quotation marks omitted).

[19] *Id.*

[20] *Williford*, 2011 WL 5822630, at *3 (internal citations omitted).

[21] *Reid v. Spazio*, 970 A.2d 176, 183–84 (Del. 2009) (internal citations omitted);  *see also US Dominion, Inc. v. Newsmax Media, Inc.*, 2022 WL 2208580, at *28 (Del. Super. June 16, 2022).

12. Finally, Ms. Frederick may not argue that Plaintiff violated any USDA regulations because it is a permissive counterclaim that is not associated with the mortgage transaction at issue.[22]

13. For the foregoing reasons, Mr. Frederick's Motion to Dismiss and Ms. Frederick's Motion to Dismiss are **DENIED**.


**IT IS SO ORDERED.**

*/s/ Calvin Scott*
Judge Calvin L. Scott, Jr.

---

[22] *Williford*, 2011 WL 5822630, at \*3 n.47.